**James ROGERS, Plaintiff,**

v.

**Captain OESTREICH, et al.,**
**Defendants.**

**No. 88–C–1057.**

United States District Court,
E.D. Wisconsin.

May 15, 1990.

James Rogers, pro se.

John J. Glinski, Asst. Atty. Gen., Madison, Wis., for defendants.

### OPINION AND ORDER

CURRAN, District Judge.

James Rogers, a prisoner in state custody, has commenced the above-captioned case pursuant to 42 U.S.C. § 1983 against Captain Oestreich, Brenda Hubertus, Thomas Nickel, H. Van Buren, and Danny Parker for violating his civil rights in connection with his conditions of confinement. The defendants, who are all employed by the State of Wisconsin at the Waupun Correctional Institution, are each being sued in their official and individual capacities for $10,000 in "norminal" [sic] damages; for $10,000 in "general" damages; for $10,000 in "examplatory" [sic] damages; for $10,000 in punitive damages; and for costs and attorney fees. Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 at ¶ V. The defendants have answered and denied liability.

After the parties had an opportunity to conduct discovery, the plaintiff moved for summary judgment and the defendants moved to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. *See* Federal Rules of Civil Procedure 12(b)(6) & 56. On Octo-

ber 6, 1989, the court denied the parties' motions without prejudice pending the issuance of a decision by the United States Supreme Court in the case of *Zinermon v. Burch*, in which a legal issue potentially dispositive of Rogers' case had been raised.[1] After the *Zinermon* decision was issued on February 27, 1990, the parties submitted supplemental briefing. Their motions are now ready for decision.

Rogers alleges that he was deprived of a Fourteenth Amendment liberty interest without procedural due process in connection with a prison disciplinary proceeding when:

(1) "the defendants wrote two conduct reports for the same incident;

(2) the conduct reports were not processed in accord with provisions of the Wisconsin Administrative Code;

(3) the evidence was insufficient to establish a violation of prison rules by a preponderance of the evidence; and

(4) the written statement of reasons for the disciplinary action was insufficient."

Plaintiff's Reply Brief in Support of Summary Judgment at 1–2.

■ As a threshold matter, the court notes that the plaintiff is seeking only monetary relief. Therefore, because the defendants are all state employees, the claims against them in their official capacities are barred by the Eleventh Amendment. *See generally Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Smallwood v. Renfro*, 708 F.Supp. 182 (N.D.Ill.1989).

■ Turning to the merits of the claims against the defendants in their individual capacities, the court concludes that the first two grounds set forth above do not state claims upon which relief can be granted. Rogers is alleging that one or more of the defendants deprived him of liberty without procedural due process by failing to follow prison regulations which are mandated by the Wisconsin Administrative Code. *See* Wis.Admin.Code §§ HHS 303.66–.68 & 303.76. The United States Supreme Court has employed a two-step analysis when analyzing claims that a state has violated an individual's right to procedural due process:

The first area of inquiry deals with whether there exists a "life, liberty, or property" interest protectable under the fourteenth amendment with which the state has interfered. If the court determines that the state has deprived an individual of a protectable interest, we move to the second step of the inquiry to determine whether the entity responsible for the alleged deprivation instituted constitutionally sufficient procedural protections. *Kentucky Department of Corrections v. Thompson*, — U.S. —, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989). *See also Shango v. Jurich*, 681 F.2d 1091, 1097–98 (7th Cir.1982).

*Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir.1990) (footnote omitted). In general, regulations which set forth guidelines for prison staff, not for inmates, do not give rise to an inmate's protectable liberty interest under the United States Constitution. *See Colon*, at 668; *Russ v. Young*, 895 F.2d 1149, 1152–54 (7th Cir.1990). Sections HSS 303.66–.68 & 303.76 of the Wisconsin Administrative Code are directed at prison employees. They do not confer a liberty interest on inmates such as Rogers. Consequently, Rogers has suffered no deprivation of a constitutionally protected liberty right because of the defendants' alleged failure to follow Wisconsin Administrative Code procedures for issuing and processing conduct reports and his first two grounds for relief must fail as a matter of law.[2]

■ As his next ground for relief, Rogers alleges that the evidence adduced at his disciplinary hearing was insufficient to establish a violation of prison rules by a

---

**1.** *Zinermon v. Burch*, — U.S. —, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (addressing the issue of whether a plaintiff can claim to have been deprived of a liberty interest without procedural due process without availing himself of procedures afforded by the state).

**2.** In addition, Rogers cannot claim a constitutional violation based on a theory that the defendants violated state law. *See Colon v. Schneider*, 899 F.2d 660, 671–72 (7th Cir.1990).

preponderance of the evidence. Following the disciplinary hearing invoked to deal with the two conduct reports at issue, Rogers was found guilty of participating in a riot and of attempted battery. *See* Affidavit of Owen Mooney at Exhibits. Rogers maintains that he was merely guilty of fighting.

Contrary to the plaintiff's assertion, the quantum of evidence adduced against a prisoner found guilty at a prison disciplinary committee hearing does not have to meet the preponderance standard. The test for whether the decision of a prison disciplinary committee is adequately supported by the evidence is whether the decision is supported by "some" facts.[3] *See Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir.1988). Moreover, judicial review of the committee's decision "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir.1989), quoting *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).

Applying this standard, the court finds that the disciplinary committee had sufficient evidence to find that Rogers was guilty of participating in a riot and of attempted battery. The committee noted that Rogers had admitted to fighting and it also read the accounts of eyewitnesses (defendants Parker and Van Buren) who reported seeing Rogers attempt to stab another inmate with silverware in the prison cafeteria. The eyewitnesses stated that other inmates became involved in the disturbance and that Rogers resisted the prison officials until he could be restrained.

The plaintiff calls the reports of defendants Parker and Van Buren "BALD ALLEGATIONS," *see* Plaintiff's Reply Brief in Support of Summary Judgment at 8, and attempts to point out inconsistencies between the accounts of Parker and Van Buren. The court finds no material inconsistencies and concludes that the reports, plus Rogers' admission that he was fighting, constituted sufficient evidence to find Rogers guilty of participating in a riot and of attempted battery. Consequently, no relief will be granted on this third ground.

■ Finally, Rogers claims that the written statement of reasons for the disciplinary committee's decision on the issue of guilt was inadequate. Under *Wolff v. McDonnell*, 418 U.S. 539, 563–72, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974), a prisoner is entitled to receive a statement from a disciplinary tribunal with written reasons for the action taken. In this case defendants Oestreich and Huburtus, who were members of the committee, gave the following written reason for the committee's decision finding Rogers guilty of participating in a riot and attempted battery:

> By admission he intentionally participated in a riot. We also find his actions of continually resisting staff and trying to get at Robinson were an intentional attempt to injure Robinson.

Affidavit of Owen Mooney at Exhibit (Disciplinary Hearing: Reasons for Decision and Evidence Relied On).

Rogers maintains that he did not admit to participating in a riot. The record supports this assertion. *See* Affidavit of Owen Mooney at Exhibits. Yet, the committee's "Reason for Decision" is still constitutionally adequate when read along with the conduct reports. The reports state that while Rogers was fighting, other inmates were joining the melee. The plaintiff disagrees, but he presented no evidence other than his own version to contradict the eyewitnesses' accounts and the committee did not abuse its role by choosing to believe the conduct reports and to disbelieve the plaintiff. *Accord Culbert v. Young*, 834 F.2d 624, 631 (7th Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988). Therefore, because Rogers has failed to establish that any of the defendants violated his right to due process by providing him with an inadequate statement of reasons for the disciplinary deci-

---

**3.** " '[S]ome evidence' is not much, and obviously ranks far below what would be sufficient in a criminal or civil trial, [but] it still must point to the accused's guilt." *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir.1989).

968

sion at issue, the court will grant no relief to Rogers on this fourth ground.

### ORDER

· For the reasons explained above, the court ORDERS that the defendants' Motion for Summary Judgment (filed September 5, 1989, and as renewed) IS GRANTED. Because there are no material facts in dispute and because the court has concluded that the defendants are entitled to judgment as a matter of law, summary judgment will be entered in favor of the defendants on all the plaintiff's claims. *See* Federal Rule of Civil Procedure 56.

IT IS FURTHER ORDERED that the plaintiff's Motion for Summary Judgment (filed January 24, 1989, and as renewed) IS DENIED.

IT IS FURTHER ORDERED that this action IS DISMISSED with prejudice but without costs to any of the parties.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter final judgment as a separate document. This judgment shall provide that:

> This action came on for hearing before the Court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,
>
> IT IS ORDERED AND ADJUDGED
>
> that plaintiff James Rogers take nothing, and that this action is dismissed upon its merits without costs to any of the parties.

Done and Ordered.